**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

MICKEY MCWHIRTER,
ADC #84977                                                                                              PLAINTIFF

V.                                      2:12CV00199 SWW/JTR

RAYLINA RAMSEY,
Classification Officer, Grimes Unit, et al.                                              DEFENDANTS

## **ORDER**

On October 21, 2013, separate Defendant Ramsey filed a Motion for Summary Judgment, a Brief in Support, and a Statement of Undisputed Facts. *Docs. 62, 63, & 64.* On the same day, Defendants Cowell, Hopkins, and Horn ("medical Defendants") filed a Motion for Summary Judgment, a Brief in Support, and a Statement of Undisputed Facts. *Docs. 65, 66, & 67.* Plaintiff must respond to both Motions separately.

At the summary judgment stage, a plaintiff cannot rest upon mere allegations and, instead, must meet proof with proof. *See* Fed. R. Civ. P. 56(e). This means that Plaintiff's Responses must include his legal arguments, as well as affidavits,[1] prison records, or other evidence establishing that there is a genuine issue of material fact

---

[1] The affidavit must be based upon the personal knowledge of the person executing the affidavit *and must be either*: (1) sworn and subscribed to by a notary public; or (2) executed under penalty of perjury, as provided for by 28 U.S.C. § 1746.

that must be resolved at a hearing or trial.

Furthermore, pursuant to Local Rule 56.1, Plaintiff must also file *separate* Statements of Disputed Facts, which lists: (a) any disagreement he has with the specifically numbered factual assertions in Defendant Ramsey's and the medical Defendants' Statements of Undisputed Facts (*Docs. 63 & 67*); and (b) any other disputed facts that he believes must be resolved at a hearing or trial.[2]

Finally, Plaintiff is advised that if he intends to rely on documents that have been previously filed in the record, he must specifically refer to those documents by docket number, page, date, and heading. The Court will not sift through the file to find support for Plaintiff's factual contentions. *See Crossley v. Georgia-Pacific, Corp.*, 355 F.3d 1112, 1113-14 (8th Cir. 2004) (affirming the grant of summary judgment because a plaintiff failed to properly refer to specific pages of the record that supported his position).

IT IS THEREFORE ORDERED THAT:

1. Plaintiff must file, **within thirty days of the entry of this Order**, a Response to Defendant Ramsey's Motion for Summary Judgment and a Statement of Disputed Facts that comply with the Fed. R. Civ. P. 56, Local Rule 56.1, and the

---

[2] If Plaintiff disputes any of the facts in Defendants' Statement of Undisputed Facts, he *must identify* each numbered paragraph that contains the facts he disputes *and,* for each paragraph, explain *why* he disputes those facts.

instructions set forth in this Order.

2.     Plaintiff must file, **within thirty days of the entry of this Order**, a Response to the medical Defendants' Motion for Summary Judgment and a Statement of Disputed Facts that comply with the Fed. R. Civ. P. 56, Local Rule 56.1, and the instructions set forth in this Order.

3.     Plaintiff is advised that the failure to timely and properly do so will result in: (a) all of the facts in Defendants' summary judgment papers being deemed admitted by Plaintiff, pursuant to Local Rule 56.1(c); or (b) the dismissal of this action, without prejudice, pursuant to Local Rule 5.5(c)(2).

Dated this 22nd day of October, 2013.

UNITED STATES MAGISTRATE JUDGE